**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Americo RODRIGUEZ–PUENTE,**
**Defendant–Appellant.**

**No. 04–40671.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 17, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's OFfice Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Jose Americo Rodriguez–Puente (Rodriguez) challenges his conviction and the sentence he received after he pleaded guilty to illegal reentry. Rodriguez correctly concedes that his argument that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and that he was subject to only a two-year maximum sentence is foreclosed. *See Shepard v.*

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

*United States*, —— U.S. ——, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); *Dretke v. Haley*, 541 U.S. 386, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004); *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000).

Rodriguez's argument that the district court's error in sentencing him under a mandatory Guidelines scheme is structural and presumed to be prejudicial is also foreclosed. *See United States v. Martinez–Lugo*, 411 F.3d 597, 601 (5th Cir.2005). Rodriguez fails to show that his sentence is plain error inasmuch as he points to nothing indicating that the district court would have imposed a lighter sentence under an advisory Guidelines scheme. *See United States v. Inman*, 411 F.3d 591, 596 (5th Cir.2005).

AFFIRMED.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.